Argued November 20, affirmed as modified with costs to
neither party December 9, 1974

DILLARD, *Respondent, v.* DILLARD
(No. 35845), *Appellant.*
528 P2d 1098

*Richard E. Miller,* Eugene, argued the cause for appellant. With him on the brief were Miller, Moulton & Andrews, Eugene.

*Richard R. Frazier,* Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

FORT, J.

The marriage of the parties was dissolved by decree on January 29, 1968. The wife was awarded the custody of the sole child of the marriage. The decree provided child support of $82 per month, provided, upon the father's separation from military service, it would be reduced to $60 a month. The wife, by motion filed February 25, 1974, sought an order (1) raising the child support to $100 a month; (2) holding the father in contempt for arrearages due on child support; and (3) seeking a reasonable attorney fee.

Following a hearing, the court entered an order:

(1) Denying the motion for contempt;

(2) Ordering the accumulated arrearage of

$1,341.70 to be paid at the rate of $25 per month, commencing upon his obtaining employment; and

(3) Denying the motion for increased monthly child support and attorney fees.

The wife appeals therefrom.

■ At the time of the divorce, the support of $82 per month was an allotment from the pay of an enlisted man. The respondent was wounded while in the service. Following his discharge, he first received a 70 per cent disability rating, which, upon final re-examination, was raised to a total disability award. The Veterans Administration allowed $50 a month to be paid for the support, which was deducted from his award. The arrearage came in part from the difference between the $60 in the decree and in part from some payments missed before that arrangement was established. Further, it is conceded he was advised by the district attorney where he was then living that he need not pay more than $50 in view of his situation. To suggest under the circumstances that he was in contempt of the decree was clearly without merit. The trial judge did not abuse his discretion in denying the wife's motion for contempt.

■ Under the order, respondent is now paying a total of $85 a month. The child is now eight years old. Both parties have remarried, and the spouse of each is gainfully employed. Respondent now receives a pension of $548 per month, which, it is conceded, is exempt from income tax. Thus, in terms of spendable income, his income is approximately $1,000 higher.

We conclude the decree should be modified by increasing the monthly child support payment to $75 per month until the aforesaid arrearage is fully paid

off, including interest thereon, and thereafter to be raised to $100 per month.

Finally, we note that the trial court's order provided that the $25 per month payment to be made on the arrearage was to begin "commencing upon his obtaining employment." That portion of the order should be deleted, and thus the monthly $25 payment on the arrearage will commence forthwith.

Affirmed as modified with costs to neither party.